Good morning, Your Honors, and may it please the Court, my name is Stephanie Adraktis and I am counsel for the petitioner, Mr. John Allander. The District Court judgment denying the conditional writ should be reversed in this case for two reasons. The first is that the trial court violated Mr. Allander's right to due process by denying a reasonable and quite justified motion to continue the trial date so that newly appointed and very overworked counsel, a public defender, could prepare for Mr. Allander's second trial on this count of assault with a deadly weapon. Secondly, the California Court of Appeals misapplied and issued a decision contrary to Vereda when it held that Mr. Allander's motion to represent himself at trial was improperly denied but then applied a standard of harmless error to that issue. Vereda is very clear that harmless error analysis does not apply to an improper denial of a motion for self-representation at trial. I want to go to the Vereda issue first. This Court must defer to the State court's determination that an error occurred with respect to the trial judge's summary denial of Mr. Allander's motion to represent himself at trial. There is an inconsistency in the record here that I want to point out. The district judge, in his findings and conclusions, states that Mr. Allander made this request after four witnesses had testified. That's incorrect. And the Court of Appeals opinion in the State court actually gets it right. Mr. Allander made his request after the first witness testified, who was the complainant. I've included that transcript in the excerpts of the record. So Mr. Allander made his request earlier than is indicated in the district judge's findings and conclusions. Well, it's true that the trial had commenced, though, correct? The trial had commenced. California, however, has a more relaxed standard with respect to timeliness of a Vereda request than is required under Vereda. And some of this Court's recent cases interpreting Vereda, Marshall v. Taylor and, I'm sorry, the second case, Peters v. Gunn, discuss, Marshall in particular, that California has a different timeliness standard, a more relaxed timeliness standard, and required the trial judge at the time Mr. Allander made his request to consider several factors before making a decision. What did the U.S. Supreme Court say about timeliness, if anything, in Vereda? In Vereda, the Court said that clearly Mr. Vereda's request made weeks before trial was timely. But other than that, and this is discussed in Marshall as well, the Court was not clear regarding what exactly were the boundaries of timeliness for a Vereda request. The Court, this Court, also noted in Marshall that the State courts are free to interpret timeliness as long as they're not issuing an opinion that's contrary to Vereda. And I would submit — You're not suggesting, though, are you, that we follow a California State court standard in deciding the case? This Court doesn't need to, I would submit, as prior counsel for the government argued, this Court should defer to the State's court's decision on that issue and not revisit it. That same issue came up in Van Linn, which is cited in my brief, where the government suggested that this Court should revisit the issue of timeliness of a Vereda request and make a finding contrary to what the State court judge did, which, in that case, Van Linn made her request for self-representation three weeks into her trial, and then the Court struggled with the issue but then initially decided to allow her to represent herself. On habeas review, just as in this case under 2254, the government suggested that this Court should revisit that issue, find that she was untimely, and find no constitutional error. And this Court emphasized that that's not this Court's role on Federal habeas review of a State court judgment, that this Court should not substitute a different analysis than was used by the State court and revisit the issue and make a different finding. Well, what Supreme Court decision supports the notion that this was a timely request? Your Honor, Vereda, I would concede to you, is not clear regarding timeliness other than to say that as long as you make your request well before trial, it's timely. The California court ruling on this is not inconsistent with Vereda and shouldn't be – shouldn't be revisited. Well, it's just that I think Judge Cox's question is, you know, is well taken, because we would have to grant you relief on this claim, we would have to say that this is an unreasonable application of well-established Supreme Court law. And the – the unreasonableness in this case lies in the application of a harmless error analysis, first of all, and that is quite clear. Vereda could not be more clear. Oh, but the determination of timeliness was an unreasonable – untimeliness was an unreasonable application of well-established Supreme Court law. And my response to that would be that the State court did not find that Mr. Allender's – the last reason State court decision, which is what this court must look to in State habeas, the last reason State court decision concedes that that was an error, that the finding that Mr. Allender's request was untimely or rejecting it at – in the way that the trial court did was an error. So there isn't an issue here with respect to – It has to be an error that will get you to home base. It has to be an unreasonable. It has to be an unreasonable application. Or – or an application of Federal law that is contrary to the – this – the United States Supreme Court decisions. And I think we have two contrary to arguments here. Your time is running, and you haven't touched the other issue. Did you want to touch on the other issue? I do wish to touch on the other issue. I just quickly point out, I think there's two contrary to arguments here. One is the application of harmless error where it's very clear in Ferretta that that shouldn't happen. And secondly, that the core holding of Ferretta is that the – that the legal skills of the defendant who makes such a request for self-representation are not relevant. And in this case, the court of appeals very clearly rests its holding on prejudice on Mr. Allender's lack of technical legal skills. So it is clearly contrary to Ferretta's core holding. As to the continuance, in this case, there could not have been a more well-justified request by trial counsel for a couple of extra days for him to contact witnesses, review the transcript of the first jury trial in this case, reconcile and – and examine the inconsistencies in testimony of ten different witnesses who trial counsel pointed out were potential witnesses at trial, and also to confer, most importantly, with Mr. Allender. It's clear from the record that trial counsel only met briefly with Mr. Allender on two occasions, and even then primarily to talk with him about the timing problems. By the time they got to the morning of trial, Mr. Allender was desperate, had not had a meaningful conference with his new attorney at all, had been trying to retain other counsel but was unsuccessful in doing so. His primary issue, as he explained to the judge, was, my lawyer is telling me he's not prepared and can't try the case. This is not the lawyer's fault. The trial judge should have listened and given some consideration to the fact that this lawyer was overworked, was telling the judge, I have many other cases scheduled that appear to be back-to-back for trial. He was in preliminary hearings. The judge gave him two extra days, but the lawyer pointed out trial counsel in his arguments that he was going to be in preliminary hearings on other cases during those days. So there was no time to prepare Mr. Allender's case for trial. And under these circumstances — Does it make any difference that there was no time waiver here? Your Honor, I don't think that it does. And I examined that issue. The last day for trial would have been, depending on whose estimate you go within the record, February 5th or February 7th. And the trial counsel offered repeatedly two dates that were within that time during which he would have had enough time to be prepared. The trial judge insisted on going forward on January 14th, 2000. Trial counsel offered as an alternative January 24th, which was well within that time period. So it was a matter of days that he needed to do this additional work. It would not have — it did not require Mr. Allender to waive his speedy trial rights in order to do that. And also, trial counsel suggested a couple times to the judge, you can override this state court speedy trial rule because the right to counsel is predominant in that context. And the trial judge certainly had the option to make such a finding and extend it out if he felt he needed to. But there was no need to do that. The trial counsel felt he could be ready with as much as 10 additional days. And under these circumstances, Mr. Allender was prejudiced because a review of the record shows that counsel was making serious errors throughout the trial. He believed he was subpoenaing and questioning one detective when he was actually talking to another one. He tried to cross-examine and impeach an important witness with a transcript of someone else's statement. It's apparent in the colloquy right before Mr. Allender testified that trial counsel didn't know that Mr. Allender intended to testify prior to his taking the stand. There was almost no litigation on the admissibility of Mr. Allender's prior convictions. And all of this certainly gives the picture of an overworked trial counsel who had been working on other cases up to the day of trial in this matter and was not prepared. So Mr. Allender was prejudiced by this ruling under Morris v. McGrath. He was not prepared to testify. The standard is clear that administrative convenience should not prevail over the right to prepared counsel. Thank you. May it please the Court. Doreen Jung, appearing for Respondent McGrath. Appellant has addressed the Feretto issue first, and I'd like to follow suit. The most important thing to note about the Feretto issue here is that there is absolutely no basis for finding that the State Appellate Court unreasonably applied Feretto in determining that Appellant's remittal request was untimely. There is simply no basis for a conclusion or a determination that a request for self-representation made on the day of trial is anything other than untimely. This Court has held as much in Marshall v. Taylor, and there is no clearly established Supreme Court precedent that would permit a conclusion that a remittal request is in fact timely. And your opponent says that what the Court of Appeal did was say that there had been an error in the way the self-representation was denied. Was that a Feretto determination, or was that a State law determination? That was absolutely a State law determination, Your Honor. There is not now, nor has there ever been, clearly established Supreme Court precedent that dictates the manner in which a trial judge must state reasons to deny a mid-trial request. That is purely a creature of State law. In this case, a case called People v. Rivers. Now, that case does say that in denying a mid-trial request for representation, a trial judge should make a record that indicates its consideration of various factors in weighing that request. And that case doesn't purport to be applying Federal law or Sixth Amendment law? Absolutely not, Your Honor. Absolutely not. It is not now and has never been a matter of clearly established Federal Supreme Court precedent that a trial judge must state his reasons or must consider several factors and enunciate those factors when denying an untimely request. So appellant's effort to combine and conflate a Feretto untimeliness determination with a State law error is perhaps understandable given his posture, but it is not a matter of Federal constitutional law. Do we then, if the State court of appeal is only looking at State law, do we go one court lower down and say, what was the trial court dealing with? Was there a Feretto right asserted in the trial court? Well, you could, Your Honor, but there is simply no basis for it. It was denied as untimely. Correct. That is correct, Your Honor. But we're left with the determination then that there simply is no Federal law that would compel a conclusion that this was timely. That's where the analysis would begin and end for AEDPA purposes, Your Honor. If I might, I'd like to briefly touch on the continuance issue. The most notable facts here are, one, that trial counsel received a two-day continuance and expressed that it was fine. In the excerpts of record at page 21, it shows that trial counsel, upon receiving this two-day continuance, said, quote, well, I think that's fine, Your Honor. And if trial counsel had made some contrary expression to the trial court, indicating his inability to proceed or his continuing unpreparedness in the face of this two-day continuance, the appellant would have a stronger case. But trial counsel specifically represented to the trial court he had enough time, he was prepared to go, a two-day continuance was sufficient. Furthermore, it's important to note that the trial court was hamstrung in its ability to provide more time or a longer continuance because there was simply no available times within its court docket. The court repeatedly, in three separate hearings, expressed to trial court that there were simply no other available dates under which this trial could take place. In fact, the trial court said it had to, quote, dump another jury trial, unquote, in order to make space for appellant's trial within the 60-day statutory time period. Now, if appellant had chosen to waive that time period, it obviously would have been a much easier and much simpler matter to schedule continuance. Appellant's continuing refusal to do so hamstrung the trial court and gave them no reasonable options to give a continuance. So under those circumstances, we can't say that the state appellate court unreasonably applied SLAPI when it determined that the trial court acted within its discretion. If there are any further questions, I'm happy to answer them. Otherwise, I would submit. Thank you. One minute, no more. Your Honor, as to the first point on Feretta, finding the defendant's request untimely would be contrary to the State Court of Appeals determination, which is the last recent decision on that. The quote from trial counsel that the date was fine is taken utterly out of context because before, during, and after that entire colloquy, trial counsel had been protesting in detail that he absolutely could not be ready for trial. He said that's fine in the context of receiving a settled ruling that the court had already made clear. And finally, Wyndham is not solely a creature of state law. In fact, if you look at the opinion, the court clearly says Feretta was just issued. We must now implement Feretta in California. So it is purporting to apply Feretta in the state of California. And that is also, Feretta is cited at page 51 in the excerpts of the record, is cited by the State Court of Appeals in this case. So it is not purely a state law issue at all. The Feretta issue is purporting to be a federal issue in the state court in both the opinion that was cited, the California Supreme Court opinion, which expressly relies on Feretta, as well as in this case. Thank you.
judges: Canby, Cox , Paez